UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA MARK TAYLOR,<br><br>         Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,<br><br>         Defendant. | Civil Action No. 20-927 (JMC) |

## MEMORANDUM OPINION

Pro se Plaintiff Joshua Mark Taylor brought this action against the United States Department of Justice, Executive Office for United States Attorneys (EOUSA) for failing to provide records in response to his request for information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.[1] The Parties have both moved for summary judgment. ECF 12; ECF 19. At issue is whether Taylor's waiver of his FOIA rights as part of his plea agreement in a criminal proceeding is an enforceable agreement. The Court finds that it is. Accordingly, EOUSA's Motion for Summary Judgment is GRANTED, and Taylor's Cross-Motion is DENIED.

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

## I. BACKGROUND

### A. Criminal Proceedings and Waiver Provision

In 2014, a federal grand jury in the Southern District of West Virginia issued a five-count indictment charging Taylor with the production, receipt, distribution, and possession of child pornography, as well as the use of a facility and means of interstate commerce to entice a minor to engage in sexual activity. ECF 12-3. Those charges alleged that Taylor engaged in sexual acts with a twelve-year-old student while he was employed as a middle school teacher in Fayette County, West Virginia.[2] ECF 12-2 at 24. On April 28, 2015, Taylor executed a plea agreement, pleading guilty to Count Two of the indictment: receipt of child pornography. *Id.* at 14–23. The remaining counts were dismissed. *Id.* at 15. In the accompanying stipulation of facts, Taylor admitted to "engag[ing] in sexual intercourse and oral intercourse with [a 12-year-old female] when she was in [his] care or supervisory control," knowingly sending and receiving "very sexually graphic text messages . . . to persuade and entice the minor to engage in sexual activity," and using his cell phone to distribute "the sexually explicit image of the minor." ECF 12-2 at 24–25.

Taylor's plea agreement included several other terms and conditions, including the following:

> **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Taylor knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

---

[2] Taylor was also charged with multiple state felony offenses involving the sexual abuse and kidnapping of the same student. ECF 12-1 ¶ 6; ECF 12-2 at 27–28. Taylor pleaded guilty in those proceedings to one count of sexual abuse by a parent, guardian, custodian, or person in position of trust to a child. ECF 12-2 at 27–29. Those proceedings are not at issue here.

*Id*. at 21. In addition, Taylor waived his right to collaterally challenge his conviction and sentence (including under 28 U.S.C. § 2255), except for "a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel." *Id*. at 21. Through his initials on each page of the agreement and his signature on the last page, Taylor acknowledged that he had "read and carefully discussed every part" of the agreement with his attorney, understood the terms of the agreement, and voluntarily agreed to those terms. *Id.* at 23.

On June 23, 2015, Taylor appeared for a plea hearing before U.S. District Court Judge John T. Copenhaver, Jr. *See generally* ECF 12-4. Prior to accepting Taylor's guilty plea, Judge Copenhaver engaged in a lengthy examination of Taylor to ensure that he understood the terms and conditions of his plea agreement. *Id*. That examination included the following exchange:

> Q. The next paragraph notes that you forever waive your right to receive or request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case. Do you understand that?
>
> A. Yes, I do.
>
> Q. This states that you specifically waive that right with respect to the Freedom of Information Act and the Privacy Act of 1974, but you're waiving it on every other ground as well. Do you understand that also?
>
> A. Yes, sir.

*Id.* at 26. On October 2, 2015, Judge Copenhaver sentenced Taylor to a prison term of fifteen years followed by twenty years of supervised release. ECF 12-5 at 3, 4.

### B. FOIA Request

Nearly two years later, on August 24, 2017, EOUSA received Taylor's FOIA request for "all discovery, files, and documents that pertain to legal cases, both past and present, in which I

3

am named." ECF 12-2 at 4, 6.[3] The request was addressed to the "Prosecutor Fed Courthouse" in Charleston, West Virginia, and included handwritten references to "criminal action 2:14 00240" and Taylor's post-conviction proceeding, "civil action 2:17 01424." *Id.*; ECF 12-1 ¶ 26. After Taylor perfected his request, EOUSA sent him an acknowledgment letter and began to search in the Office of the U.S. Attorney for the Southern District of West Virginia. ECF 12-2 at 4.

On July 12, 2018, EOUSA sent Taylor a letter informing him that his FOIA request had been processed, and that EOUSA would make available to Taylor "all records required to be released, or considered appropriate for release as a matter of discretion." *Id.* at 12. The only documents disclosed were Taylor's executed plea agreements in both the federal and state criminal cases. *Id.* at 14–29. Taylor appealed that final action to the Department of Justice Office of Information Policy (OIP). *Id.* at 30. On September 28, 2018, OIP affirmed, determining that the terms of Taylor's plea agreement filed in his federal case constituted a valid waiver of Taylor's right "to make any FOIA request or receive any records concerning [his] criminal case." *Id.* at 31.

EOUSA moved for summary judgment. ECF 12. The Court issued an order advising Taylor of his obligations under Fed. R. Civ. P. 56, and the consequences of failing to meet those obligations. ECF 14 (citing *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)). Taylor opposed EOUSA's Motion, ECF 17-1, and filed his own Cross-Motion for Summary Judgment, ECF 19. EOUSA opposed Taylor's Cross-Motion, ECF 21. Finally, Taylor was granted leave to file what the Court construes as his Sur-Reply. ECF 22; *see also* ECF 35.

---

[3] In fact, EOUSA received two identical letters from Taylor. ECF 12-2 at 6, 7. Because the letters were identical, EOUSA treated them as a single request. *Id.* at 4 n.1.

## II. LEGAL STANDARD

FOIA cases are typically decided at summary judgment. *See Laverpool v. Dep't of Hous. & Urb. Dev.*, 315 F. Supp. 3d 388, 390 (D.D.C. 2018). A court will grant a summary judgment motion when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In FOIA cases, it is the defending agency's burden to prove it has complied with its obligations under the statute. *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989). To satisfy that burden, the "agency must prove that each document that falls within the class requested either has been produced, is unidentifiable[,] or is wholly exempt from the Act's inspection requirements." *Weisberg v. U.S. Dep't of Just.*, 627 F.2d 365, 368 (D.C. Cir. 1980). The court may accept as true any uncontested factual assertions in the moving party's affidavits or attachments, provided that that the nonmoving party (and in particular a pro se nonmoving party) has "fair notice of the requirements of the summary judgment rule" and the "consequences of failing to respond" to a summary judgment motion, as well as a "reasonable opportunity to submit" their own evidence in response. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

## III. ANALYSIS

"In general, criminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver." *Price v. U.S. Dep't of Just. Att'y Off.*, 865 F.3d 676, 679 (D.C. Cir. 2017). However, "like any other contract," such waivers are "unenforceable if the interest in its enforcement is outweighed under the circumstances by a public policy harmed by enforcement." *Id.* at 683. To enforce a FOIA waiver in a criminal plea, the Government must demonstrate that there is a "legitimate criminal-justice interest" served by the waiver. *Barnes v. FBI*, 35 F.4th 828, 830 (D.C. Cir. 2022).

Here, Taylor argues that the waiver of his FOIA rights is unenforceable for two reasons. First, Taylor argues that he did not knowingly and voluntarily agree to the waiver. ECF 17-1 at 3–5. Second, he argues that the agency has not articulated a legitimate criminal-justice interest for the waiver that outweighs the public's interest in disclosure. *Id.* at 7–9. The Court considers—and ultimately rejects—each argument in turn.

### A. Taylor's waiver of his FOIA rights was knowing and voluntary.

Taylor argues that he did not knowingly and voluntarily waive his FOIA rights because he did not fully understand the content and consequences of the waiver. According to Taylor, because he lacked legal training, ECF 17-1 at 2, was incarcerated without access to a law library, *id.* at 3, and was represented by inexperienced counsel, *id.*, he did not understand that he was waiving his right to anything more than the transcript of the plea hearing itself, *id.* at 5. He further argues that, because he did not yet suspect that his counsel was ineffective, he "could not understand how waiving FOIA would impact him." *Id.* at 7. The Court is unpersuaded by either argument.

In considering the enforceability of a waiver in a plea agreement, "[t]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences" of the waiver. *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (emphasis in original). In evaluating whether a waiver is knowing and voluntary, the Court "must analyze the entire record," including the agreement itself, the signatures, and the questions and answers given at the plea hearing. *United States v. Lee*, 888 F.3d 503, 507 (D.C. Cir. 2018). "The representations of the defendant at a plea hearing[,] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent

6

collateral proceeding," because the defendant's "declarations in open court carry a strong presumption of verity." *United States v. Farley*, 72 F.3d 158, 163 (D.C. Cir. 1995).

Here, Taylor does not dispute that he signed the agreement. *See, e.g.*, ECF 17-1 at 12 ("But for this possible prosecutorial misconduct, Plaintiff would not have signed the plea."). The agreement contains a clear, express waiver of his FOIA rights. ECF 12-2 at 21, 23. Taylor's attorney signed the agreement as well, indicating that he had "carefully discussed every part" of the agreement with Taylor. *Id.* at 23. At the plea hearing, Taylor confirmed on the record that he was "able to read and understand . . . the plea agreement." ECF 12-4 at 4. He also stated that he specifically understood the fact that he was waiving his right to request "any records pertaining to the investigation or prosecution of this case" under both FOIA and the Privacy Act. *Id.* at 26. Thus, contrary to the representations Taylor makes in his briefs, the evidence in the record overwhelmingly shows that Taylor understood "the nature of the right" he was waiving at the time of his plea. *Ruiz*, 536 U.S. at 629; *see also Bush v. District of Columbia*, 595 F.3d 384, 387 (D.C. Cir. 2010) ("[A] court may not consider unsworn statements in determining whether to grant summary judgment."). Therefore, the Court concludes that Taylor knowingly and voluntarily waived his FOIA rights when he signed the plea agreement in this case.

**B. Taylor's waiver of his FOIA rights is enforceable because the Government has articulated a legitimate criminal-justice interest advanced by the waiver provision.**

"[P]lea-bargain waivers of a FOIA right to seek records about the case must advance a legitimate criminal-justice interest to be enforceable." *Barnes*, 35 F.4th at 830. Here, EOUSA asserts an interest in protecting the child victim. ECF 12 at 13–16; ECF 12-7 at 3–5. That undeniably serves a legitimate criminal-justice interest. *See Corley v. Dep't of Just.*, 998 F.3d 981, 985 (D.C. Cir. 2021) ("The Child Victims' Act," codified at 18 U.S.C. § 3509, "addresses the treatment of child victims and witnesses by the federal criminal justice system."); *Barnes*, 35 F.4th

7

at 830–31 (upholding enforceability of FOIA waiver provision that "furthers the government's interest in witness security"). Because FOIA disclosures are available to the public at large, *Niskanen Ctr. v. FERC*, 20 F.4th 787, 791 (D.C. Cir. 2021), EOUSA explains plausibly that the waiver provision at issue (1) protects the substantial privacy interests of the victim who lived in a "relatively small community" and (2) reduces the likelihood of "re-victimization." ECF 12-7 at 3–5; *see Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 172 (2004) (FOIA-disclosed information "belongs to citizens to do with as they choose"). There is nothing in the record to dispute those representations. As for Taylor's argument that those same interests could be protected by the exemptions in FOIA itself (or, in the alternative, via in camera review by this Court), ECF 17-1 at 7, the Court observes that courts and "FOIA processors are hardly infallible" when it comes to identifying and redacting potentially harmful information. *Barnes*, 35 F.4th at 831. Nor does Taylor point to any authority suggesting that in camera review can nullify a legitimate criminal-justice interest.[4]

      Precedent suggests that, having determined that the waiver served a legitimate interest, the Court's inquiry is complete. *See id.* at 832 ("[T]he FBI has explained that this waiver advances its interest in protecting the safety of a confidential informant. Nothing more is required for us to enforce it."). Nonetheless, out of an abundance of caution, the Court considers Taylor's argument that the public's interest in disclosure outweighs any criminal-justice interest advanced by the agency. Specifically, Taylor counters that enforcing the waiver would impede his ability to present an ineffective assistance of counsel (IAOC) claim in collateral proceedings under 28 U.S.C. § 2255. ECF 19 at 1–2; *see also* ECF 12-2 at 21 (preserving Taylor's right to make such a claim).

---

[4] Because the Court concludes that protecting the child victim in this case constitutes a legitimate criminal-justice interest, it need not consider the other interests advanced by the agency: "finality and conservation of government, especially prosecutorial, resources." ECF 12 at 17.

But FOIA is not Taylor's only avenue to access the information he seeks. The rules governing § 2255 proceedings permit discovery and expansion of the record. *See* Rules Governing Section 2255 Proceedings, Rules 6, 7. Moreover, any information disclosed in a § 2255 proceedings could be shielded from the general public if warranted; it could be "limited to the parties and . . . subject to protective orders against further disclosure." *Stonehill v. IRS*, 558 F.3d 534, 538 (D.C. Cir. 2009). That would serve both Taylor's interest in accessing the information to adjudicate a potential IAOC claim and protect the privacy of the victim in his case.[5] Therefore, the court discerns no public policy outweighing EOUSA's legitimate criminal-justice interest in protecting the child victim. "[N]othing more is required" to enforce Taylor's waiver. *Barnes*, 35 F.4th at 832.

## IV. CONCLUSION

Because EOUSA relied on an enforceable waiver of FOIA rights, no improper withholding has occurred. Consequently, EOUSA's Motion for Summary Judgment, ECF 12, is GRANTED and Taylor's Cross-Motion for Summary Judgment, ECF 19, is DENIED.

A separate order accompanies this opinion.

**SO ORDERED.**

DATE: March 31, 2023

                                                                                                _____
                                                                                                Jia M. Cobb
                                                                                                U.S. District Court Judge

---

[5] The Parties dispute whether a claim under 28 U.S.C. § 2255 would be time-barred. *See* ECF 19 at 19 (arguing that Taylor has no interest in disclosure because his IAOC claim would be time-barred); ECF 17-1 at 13 (arguing the contrary). The Court declines to resolve that controversy. Doing so would go to the merits of Taylor's potential claim. Moreover, there is not enough information to make that determination on this record.